# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.                                                   Case No. 4:03cr8-RH
                                                      Case No. 4:07cv212-RH/WCS

**DWIGHT PRATT,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Pending in this case is a motion to vacate and set aside a sentence filed by Defendant, Dwight Pratt, pursuant to 28 U.S.C. § 2255. Doc. 99. Defendant also filed a memorandum docketed as a motion for leave to file a § 2255 motion. Doc. 98. The United States filed a response. Doc. 101. Defendant filed a reply. Doc. 102.

Defendant was charged in a five count indictment with intentional distribution of an unspecified quantity of cocaine (counts one and three), intentional distribution of an unspecified quantity of crack cocaine (count two), possession of a firearm in the furtherance of a drug trafficking crime as alleged in count three (count four), and possession of a firearm as a convicted felon (count five). Doc. 1.

On June 10, 2004, the Government filed an information and notice of prior felony drug convictions pursuant to 21 U.S.C. §§ 851 and 841(b)(1)(C). Doc. 25. The notice described a 1993 conviction for intent to distribute a controlled substance in the circuit court for Montgomery County, Maryland, case number 67737, and a 1997 conviction for possession of cocaine with intent to sell, case number 97-36-CF in the Circuit Court for the Fourteenth Judicial Circuit in and for Washington County, Florida. *Id.*

Defendant's attorney, Randall Murrell, filed a motion to suppress evidence obtained during a search of Defendant's residence. Doc. 26. It was argued that the search was unlawful because the warrant failed to describe the place to be searched or the items to be seized. *Id.*, p. 1. It was asserted that while the affidavit described the place and items, the state judge's order issued the search warrant without those particulars, either specifically or by reference to the probable cause affidavit. *Id.*, p. 2. It was argued, therefore, that there was no valid search warrant. *Id.*, p. 3. Counsel cited and relied upon Groh v. Ramirez, 540 U.S. 551, 124 S.Ct. 1284, 157 L.Ed.2d 1068 (2004).

Defendant's attorney also filed a supplemental memorandum. Doc. 28. This reported that the officers who conducted the search would testify that they had a "separate document" when the search was conducted, but the document was lost and not filed. *Id.*, p. 1. Counsel argued that the failure to make a return, coupled with the loss of the search warrant, violated the Fourth Amendment. *Id.*, p. 3. The Government responded that the state judge signed two copies of the search warrant, that the search warrant was read to Defendant at his residence, and that one copy was left with

Defendant at his residence. Doc. 29, p. 3. The other copy of the search warrant was lost. *Id.*

The court held an evidentiary hearing at which the state judge who issued the search warrant, Donald Modesitt, testified. Doc. 86. After making factual findings, the motion to suppress was denied by this court. The Eleventh Circuit thoroughly discussed this court's findings and affirmed the ruling. In particular, the Eleventh Circuit affirmed this court's ruling that the search warrant that was issued "mirrored" the language in the affidavit, thus supplying the requisite specificity. Doc. 95, p. 5 on ECF.

Defendant then entered a guilty plea to counts one, two, and five. Doc. 51. He went to trial on the remaining counts. The jury returned a verdict finding him not guilt of possession of cocaine with intent to distribute[1] on December 19, 2002, but guilty of the lesser offense of possession of cocaine (count three). Doc. 65 (verdict). Count four, knowing possession of a firearm in the furtherance of a drug trafficking offense charged in count three, thus became moot.

**The law governing a claim of ineffective assistance of counsel**

The basic law governing ineffective assistance of counsel claims was established in <u>Strickland v. Washington</u>, 466 U.S. 668, 690, 694, 104 S.Ct. 2052, 2066, 2068, 80 L.Ed.2d 674 (1984). Under the two part test of <u>Strickland</u>, Petitioner must demonstrate both deficient performance and prejudice to the outcome.

To establish deficient performance, a petitioner "must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable

---

[1] Defendant himself testified he intended to share the cocaine with guests that night at a birthday party. Doc. 101, p. 9, citing transcript, doc. 88, p. 236. Thus, the jury had direct evidence of Defendant's intent to distribute the cocaine.

Case Nos. 4:03cr8-RH and 4:07cv212-RH/WCS

professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. In reviewing the claim, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." 466 U.S. at 690, 104 S.Ct. at 2066. "[B]ecause counsel's conduct is presumed reasonable, for a petitioner to show that the conduct was unreasonable, a petitioner must establish that no competent counsel would have taken the action that his counsel did take." Chandler v. United States, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc), *cert. denied,* 531 U.S. 1204 (2001). *See also* Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citing Chandler). There are no rigid requirements or absolute duty to investigate a particular defense. Fugate v. Head, 261 F.3d at 1217.

> Indeed, "[c]onsidering the realities of the courtroom, more is not always better. Stacking defenses can hurt a case. Good advocacy requires 'winnowing out' some arguments, witnesses, evidence, and so on, to stress others."

*Id.*

For prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694, 104 S.Ct. at 2068.

Although Strickland explained the performance and prejudice prongs of analysis, "there is no reason . . . to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." 466 U.S. at 697, 104 S.Ct. at 2069. "If it is easier to dispose of an ineffectiveness claim

on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  *Id.*

**Alleged ineffective assistance of counsel with regard to the motion to suppress**

Defendant contends as ground one that his trial attorney, Randall Murrell, was ineffective for failing to object *at sentencing* to evidence seized in a search of his residence.  He contends that there was no search warrant.  He also faults counsel for failing to make this argument on appeal.  Doc. 99, p. 5; p. 4 on the electronic case filing system (ECF).

This claim is unsupported.  Petitioner's attorney challenged the search and took an appeal from the denial of his motion to suppress.  The claim was not one that should have been presented at sentencing.  Petitioner has come forward with no legal argument or evidence that his attorney could have presented to achieve a different outcome.

**Whether counsel was ineffective at sentencing**

   **Career Offender status, U.S.S.G. § 4B1.2**[2]

Defendant contends in his first claim that one of the two predicate offenses was for simple possession of cocaine and, therefore, he should not have been sentenced as a career offender under U.S.S.G. § 4B1.2.  Doc. 99, p. 6; p. 5 on ECF.  He asserts that while he was originally charged in the 1997 offense with intent to distribute a controlled substance, he was only found guilty of simple possession.  *Id.*

---

[2] This is presented as ground two.  Doc. 99, p. 6; p. 5 in ECF.

Case Nos. 4:03cr8-RH and 4:07cv212-RH/WCS

The Government argues:  "Assuming *arguendo* this conviction was for simple possession, Petitioner would still be classified as a career offender because it was a felony."  Doc. 101, p. 14.  This is not correct.  Simple possession will not do.  Defendant would have been properly sentenced as a career offender if he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense."  U.S.S.G. § 4B1.1(a).  A qualifying "controlled substance offense" is:

> an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) *with intent to manufacture, import, export, distribute, or dispense*.

 U.S.S.G. § 4B1.2(b) (emphasis added).

The Presentence Report stated that Defendant was charged with possession of a controlled substance with intent to sell, with the date of arrest on February 21, 1997, in Washington County, Florida.  Doc. 92, ¶ 45; p. 10 on ECF.  He entered a *nolo contendere* plea and was sentenced to three years probation on that count.  *Id*.  He then violated probation, probation was revoked, and he was sentenced to 12.1 months in custody.  *Id*.

Defendant was permitted to plead *nolo contendere* and he received a sentence of probation.  It seems unlikely that, in addition to this favorable treatment, he was also allowed to enter a plea to a lesser offense.  But Defendant has the burden of proof as to this claim.  Presumably the record of this conviction exists in Washington County, Florida, but Defendant has not presented it.  This claim fails for lack of evidence to support it.

**Career Offender Offense Level, U.S.S.G. § 4B1.1[3]**

Defendant contends his attorney was ineffective as to the offense level for sentencing as a career offender. He argues that the level should have been 32 because the statutory offense maximum sentence for count one was 20 years, the maximum sentence without regard for drug quantity since drug quantity was not alleged.

Defendant had two prior qualifying drug felonies. The Government gave notice that he was exposed to a sentence of up to 30 years on count one. Doc. 25. The two prior felonies have previously been discussed. Pursuant to 21 U.S.C. § 841, one prior drug felony raised the statutory maximum to 30 years. Defendant knew this because it is plainly stated in his plea agreement. Doc. 32, p. 1. He admitted the existence of the two prior drug felonies when he entered a guilty plea, and he told the court that he understood that he faced a maximum sentence of 30 years on counts one and two. Doc. 61 (transcript of rearraignment), p. 17. The correct offense level for career offender status was 34 because the statutory maximum sentence was greater than 25 years. U.S.S.G. § 4B1.1(b). The ineffectiveness claim is without merit.

**Firearm enhancement, U.S.S.G. § 2K2.1(b)(5)[4]**

Defendant argues that he was acquitted of count four, possession of a firearm in the furtherance of a drug trafficking offense alleged in count three, which would have been a violation of 18 U.S.C. § 924(c)(1)(A)(i). He argues that while he was convicted of count five, that was only simple possession of a firearm as a convicted felon.

---

[3] While this is not in the § 2255 motion, it appears in the memorandum. Doc. 98, p. 8; p. 11 in ECF.

[4] This is raised as ground three.

Case Nos. 4:03cr8-RH and 4:07cv212-RH/WCS

Therefore, he argues, there was no evidence that he used or carried a firearm in connection with another felony offense.

The Presentence Report increased the offense level by 4 pursuant to U.S.S.G. § 2K2.1(b)(5) because a loaded 9mm Helwan semi-automatic pistol was found in the search of Defendant's residence, a residence from which Defendant had previously sold the confidential informant cocaine and cocaine base.  Doc. 92, ¶ 18.

The court determined that this 4 level increase did not affect Defendant's sentencing.  Doc. 90, p. 3.  This was so because Defendant's base offense level was 24, and the additional 4 levels only increased the sentencing level to 28.  Presentence Report, doc, 92, ¶¶ 17, 18, and 34.  Defendant was sentenced at offense level 34 (less 3 for acceptance of responsibility) due to the career offender provisions of U.S.S.G. § 4B1.1 discussed above.  *Id.*, ¶ 37.  Consequently, Defendant cannot show ineffectiveness because he cannot show prejudice to the outcome.

**Conclusion**

For these reasons, it is **RECOMMENDED** that Defendant Dwight Pratt's motion to vacate and set aside a sentence filed pursuant to 28 U.S.C. § 2255, doc. 99, be **DENIED with prejudice**.

**IN CHAMBERS** at Tallahassee, Florida, on January 3, 2008.

s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos. 4:03cr8-RH and 4:07cv212-RH/WCS

## NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.